UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH WAYNE SCHMIDT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-08-cv-01696 |
| | § | |
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Doc. No. 41) and Motion for Hearing. (Doc. No. 43.) After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court concludes that Plaintiff's Motions should be denied.

### I.      BACKGROUND

The Court described the facts of the case in its Memorandum and Order dated January 12, 2009 (Doc. No. 37); it is not necessary to review them here. In the Memorandum and Order, the Court granted the Motion to Dismiss of Defendants State of Texas and Texas Department of Public Safety ("DPS"). (Doc. No. 22.) Plaintiff now moves to amend his Complaint to avoid dismissal of his claims against these Defendants. Specifically, Plaintiff wishes to reassert his claim that Defendants violated the Americans with Disabilities Act and to assert new claims pursuant to the Texas Tort Claims Act. As grounds for granting his Motion for Leave, Plaintiff argues that he had discovered new evidence, namely the video of the traffic stop at issue.

1

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. A plaintiff may amend his complaint once as a matter of right before any responsive pleading has been filed. *See* Fed. R. Civ. P. 15(a). Any subsequent amendments are permitted only with leave of the trial judge. *See id.* Rule 15(a) states that leave to amend shall be freely given when justice so requires. *See id.* However, if a complaint, as amended, would be subject to dismissal, then leave to amend would be futile. *Muddu Oils Refinery Ltd. v. Dykes*, No. 4:06-CV-825-BE, 2007 WL 894568, at *2 (N.D.Tex. Mar 26, 2007) (not designated for publication) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) *abrogated on other grounds*).

Plaintiff's Amended Complaint would not survive a motion to dismiss. In his Amended Complaint, Plaintiff reasserts his ADA claim, which, as the Court's earlier Memorandum and Opinion explained, is not cognizable under Fifth Circuit law. (Doc. No. 37.) Plaintiff also alleges a new cause of action under the Texas Tort Claims Act. As explained in the Court's earlier opinion, however, a plaintiff can only seek relief under the Texas Tort Claims Act if his case is filed in the state court of the county where the cause of action arose. TEX. CIV. PRAC. & REM. CODE § 101.102. Because Plaintiff's Amended Complaint does not state a claim upon which relief can be granted, the Court will deny his Motion.

As to Plaintiff's argument that the video tape of the traffic stop constitutes newly discovered evidence, Defendants delivered the video tape to Plaintiff on July 18, 2008, (Doc. No. 44, Ex. 1), one week after Defendants filed their Motion to Dismiss. (Doc. No. 22.) Plaintiff did not file his Response to Defendants' Motion until December 11, 2008. (Doc. No. 34.) Plaintiff therefore had sufficient time to review the video and incorporate its contents when preparing his response to the Motion to Dismiss.

### III. CONCLUSION

Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint and Motion for Hearing are **DENIED**. Plaintiff's claims against Defendants State of Texas and Texas DPS are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 19th day of March, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.